IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FLASH GARAGE DOOR SERVICE LLC | § | |
| | § | |
| *Plaintiff*, | § | |
| vs. | § | |
| | § | Case No. _____ |
| TX BANGLA INVESTMENT LLC | § | |
| | § | **JURY TRIAL DEMANDED** |
| *Defendant*. | § | |

## COMPLAINT

Plaintiff Flash Garage Door Service LLC ("Plaintiff") brings this action against defendant TX Bangla Investment LLC ("Defendant") and alleges:

### THE PARTIES

**1.** Plaintiff is a limited liability company organized and existing under the laws of Texas, and having its principal place of business at 9711 Helms Trail, Forney, Texas 75126

**2.** On information and belief, Defendant is a limited liability company organized and existing under the laws of the State of Texas, and having a business address at 16115 Golden Sage Lane, Cypress, Texas 77429. Defendant has designated its registered agent for purposes of service of process herein as Imtiaz Ahmed, 27406 Robillard Springs Lane, Katy, Texas 77494-3332. Defendant is doing business within this judicial district, including business using the infringing name and logo alleged herein to conduct business in competition with Plaintiff within this judicial district.

**3.** On information and belief, Defendant controlled and directed the acts of infringement and wrongful acts alleged herein, and authorized, directed, caused, and participated in the wrongful acts of trademark infringement, unfair competition, false designation of origin, and unjust enrichment complained of herein.

## JURISDICTION AND VENUE

4. This is an action for trademark infringement, false designation of origin, unfair competition, and unjust enrichment arising under the provisions of the Trademark Laws of the United States of America, Title 15, United States Code, also known as the Lanham Act, and the laws of the State of Texas.

5. Subject-matter jurisdiction over Plaintiff's claims is conferred upon this Court by 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. §§ 1116 and 1121.

6. On information and belief, Defendant has engaged in tortious acts of trademark infringement, false designation of origin, unfair competition, and unjust enrichment within this district, which acts have caused injury to Plaintiff. On information and belief, Defendant has advertised its infringing garage door services online in this district and the State of Texas.

7. Defendant is subject to personal jurisdiction in the State of Texas and this judicial district.

8. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

## PLAINTIFF & ITS TRADEMARK RIGHTS

9. Plaintiff is a leading provider of garage door installation and repair services in Texas. Plaintiff first commenced use of its Flash Garage Door Service trademark and logo (reproduced below) in connection with its garage door installation and repair services at least as early as January 1, 2017.



10. Since that time, Plaintiff has continuously and exclusively used its Flash Garage Door Service trademark and logo in connection with its garage door installation and repair services. As a result, Plaintiff has developed significant consumer goodwill and recognition corresponding to its Flash Garage Door Service trademark and logo.

11. Plaintiff has developed valuable trademark rights in its Flash Garage Door Service trademark and logo and obtained corresponding federal trademark registrations. Plaintiff owns United States Trademark Registration Nos. 7,479,240 ("the '240 registration") and 7,479,239 ("the '239 registration") (collectively "the Flash trademark registrations"), true and correct copies of which are attached hereto as Exhibits A and B, respectively, and fully incorporated herein by reference. The applications from which the Flash trademark registrations issued were filed on August 16, 2023. The Flash trademark registrations were registered on the Principal Register on August 20, 2024 in Class 037 for "installation, maintenance and repair of overhead metal and non-metal garage doors, corresponding electric garage door openers and closers, and related component parts."

12. The Flash trademark registrations are valid and subsisting, and constitute conclusive evidence of their validity, Plaintiff's ownership of the marks, and Plaintiff's exclusive right to use the Flash Garage Door Service trademark and logo for the goods specified in the registrations throughout the United States. 15 U.S.C. § 1115(a).

13. Plaintiff's Flash Garage Door Service trademark and logo are and have been the subject of substantial and continuous marketing and promotion by Plaintiff for over nine years in connection with its garage door installation and repair services.

14. Plaintiff continues to market and promote its Flash Garage Door Service trademark and logo by displaying same on its website, social media, and online advertisements, to name a few

ways in which Plaintiff markets and promotes its Flash Garage Door Service trademark and logo and related services.

15. As a result of Plaintiff's substantial use and promotion of its Flash Garage Door Service trademark and logo and services, the marks have acquired great value as specific identifiers of Plaintiff and its garage door installation and repair services, and it also serves to identify and distinguish Plaintiff's garage door installation and repair services from those of others.

16. Consumers readily recognize Plaintiff's Flash Garage Door Service trademark and logo as distinctive designations of the origin of Plaintiff and its garage door installation and repair services. The Flash Garage Door Service trademark and logo are intellectual property assets of considerable value as symbols of Plaintiff and its high-quality garage door installation and repair services, reputation and goodwill.

### DEFENDANT'S INFRINGEMENT

17. Plaintiff first became aware of Defendant's use of the infringing name "Flash Garage Door Repair" in 2025 when Plaintiff saw Defendant's profile on MapQuest. Attached hereto as Exhibit C is a true and correct copy of Defendant's MapQuest profile.

18. As shown in Defendant's MapQuest profile, not only is Defendant using the infringing name "Flash Garage Door Repair", but Defendant is also using an exact copy of Plaintiff's logo (which was no doubt copied directly from Plaintiff's website), as shown in the below screen shot from Defendant's MapQuest profile (see third page of Exhibit C hereto):



19. Defendant is also using Plaintiff's trademark on Defendant's home page, a true and correct copy of which is attached hereto as Exhibit D. For example, on Defendant's home page (Exhibit D), Defendant states:

> **About Flash Garage Door Repair Cypress TX**
>
> We are grateful for everything that our community does for us. Our customers have grown to become friends and families. We don't think that our business would have expanded the way it has if it had not been for the support of our community. As such, we try to give back whenever we can.

20. As another example, Defendant states as follows on its home page (Exhibit D):

> **Professional Service Provider for Your Garage Repair Needs in Cypress Texas**
>
> If your location is along State Highway 146 and Interstate 10 in Texas and if you're looking for a service provider to repair your garage door, then **Flash Garage Door Repair Cypress TX** is the company you're looking for. We are known as the top service provider of garage door repair services in Cypress, Texas due to the top quality of service we provide and due to the great relationships we've developed with our customers and with the members of our community.

21. As another example, Defendant states as follows on its home page (Exhibit D):

> You don't need to worry, though. **At Flash Garage Door Repair Cypress TX**, we have garage repair experts who have years of experience in dealing with your kinds of problems. You can be assured that they will do what's best for you. They will provide you with detailed explanations of what they need to do, so that you'll have the peace of mind that everything will be alright once they're done with the work.

22. Plaintiff is the senior user of its Flash Garage Door Service trademark and logo. Prior to Defendant's first use of the above infringing name and logo, Plaintiff had already long since commenced use of, and established ownership and priority of, its Flash Garage Door Service trademark and logo in connection with its garage door installation and repair services in Texas.

23. The Flash name and logo described above and being used by Defendant are confusingly similar to Plaintiff's federally-registered trademark and logo. Consumers will likely perceive some connection or association between Plaintiff and Defendant as to source, sponsorship, or affiliation in light of Defendant's confusingly similar name and logo, even though no such connection or association exists.

24. Defendant's actions are enabling it to divert business away from Plaintiff to Defendant, so that Defendant can trade off of and receive the benefit of the goodwill and reputation built up by Plaintiff over many years of continuous and exclusive use of its federally-registered Flash Garage Door Service trademark and logo.

25. The services Defendant is advertising and providing using its infringing Flash Garage Door Repair name and Plaintiff's copied logo are identical to Plaintiff's services provided under its federally-registered Flash Garage Door Service trademark and logo.

26. The consumers to whom Defendant advertises and markets its infringing services are the same class of consumers to whom Plaintiff advertises and markets its services provided under its federally-registered Flash Garage Door Service trademark and logo.

27. Defendant and Plaintiff market and advertise their respective garage door installation and repair services through similar channels, including through their websites, and via the internet and online platforms.

28. Upon information and belief, Defendant was and has been aware of Plaintiff, its trademark rights and its associated garage door installation and repair services, especially in view of the fact that Defendant's MapQuest profile includes an exact copy of Plaintiff's federally-registered logo. Defendant's actions demonstrate Defendant's bad faith and reckless conduct. Defendant's trademark infringement, false designation of origin, unfair competition, and unjust enrichment have

been and are willful, malicious, wanton, deliberate and in reckless disregard for Plaintiff's trademark rights, rendering Defendant liable for enhanced damages, including treble damages under the Lanham Act and punitive damages under Texas common law.

### COUNT I
### FEDERAL TRADEMARK INFRINGEMENT
### [15 U.S.C. § 1114]

29. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

30. Plaintiff is the owner of valid and enforceable United States trademark registrations for its Flash Garage Door Service trademark and logo, namely the '239 and '240 registrations.

31. Defendant has used in commerce, without Plaintiff's permission, colorable imitations and/or its confusingly similar name and logo to Plaintiff's Flash Garage Door Service trademark and logo that are the subject of the '239 and '240 registrations in connection with the advertisement, promotion, distribution, and provision of its garage door installation and repair services, which is likely to cause confusion or mistake, or to deceive.

32. Defendant's use of the infringing Flash Garage Door Repair name and Plaintiff's exact logo in connection with its business without Plaintiff's permission, has caused, or is likely to cause, confusion, mistake or deception, and the public is likely to believe mistakenly that Defendant and its services have their source or origin with Plaintiff, or is in some manner approved by, associated with, sponsored by or connected with Plaintiff, all in violation of 15 U.S.C. § 1114.

33. Defendant's alleged wrongful acts of infringement have been willful, deliberate and intentional, and done with the intent to trade on Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendant's garage door installation and repair services are associated with, sponsored by,

originated from, or approved by Plaintiff, when they are not. Defendant's infringement complained of herein has been willfully done in violation of 15 U.S.C. § 1114.

34. Defendant's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial.

35. As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of infringement, for which Plaintiff has no adequate remedy at law.

## COUNT II
## FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION
### [15 U.S.C. § 1125(A)]

36. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

37. Plaintiff is the owner of valuable trademark rights in its Flash Garage Door Service trademark and logo in connection with its garage door installation and repair services.

38. Defendant's use of its Flash Garage Door Repair name and Plaintiff's exact logo as alleged above constitutes unfair competition and false designation of origin that is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's garage door installation and repair services by Plaintiff, all in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

39. Upon information and belief, Defendant's alleged wrongful acts of unfair competition and false designation of origin have been carried out with actual knowledge of Plaintiff and its

ownership and prior use of its federally-registered Flash Garage Door Service trademark and logo, have been willful, deliberate and intentional, and done with the intent to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, and as to the origin, sponsorship, or approval of Defendant's garage door installation and repair services by Plaintiff. Defendant's unfair competition and false designation of origin complained of herein have been willfully done in violation of 15 U.S.C. § 1125.

40. Defendant's acts of unfair competition and false designation of origin under § 43(a) of the Lanham Act have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial.

41. As a result of the violations of § 43(a) complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendant is enjoined by this Court from committing further acts of unfair competition and false designation of origin, for which Plaintiff has no adequate remedy at law.

## COUNT III
## TEXAS TRADEMARK INFRINGEMENT
## [COMMON LAW]

42. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

43. Defendant's actions infringe Plaintiff's trademark rights under Texas common law.

## COUNT IV
## TEXAS UNFAIR COMPETITION
## [COMMON LAW]

44. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

45. Defendant's actions constitute unfair competition against Plaintiff under Texas common law.

### COUNT V
### TEXAS UNJUST ENRICHMENT
### [COMMON LAW]

46. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

47. Based on Defendant's infringement of Plaintiff's trademarks, Defendant has unjustly enriched itself at Plaintiff's expense. Defendant has wrongfully secured and has received benefits, including revenues and profits through use of Plaintiff's trademark and logo. Defendant secured these benefits by taking undue advantage of Plaintiff and its trademark rights.

48. It would be unconscionable to allow Defendant to retain these benefits. Equity and good conscience dictate that Defendant not be permitted to retain the profits and benefits from its infringement of Plaintiff's trademarks, and from its online marketing strategy.

49. Plaintiff has been damaged monetarily in a sum which cannot be ascertained at this time.

50. Defendant is liable for this claim for relief and to compensate Plaintiff for the benefits and profits Defendant unjustly received based upon its actions directing, controlling, authorizing, causing and participating in the wrongful acts alleged herein. Defendant is further liable to reimburse Plaintiff for its litigation expenses and attorneys' fees.

51. Plaintiff has no adequate remedy at law to prevent Defendant's unjust enrichment.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for entry of judgment that:

A.     Defendant has willfully committed acts of trademark infringement, false designation of origin, unfair competition, and unjust enrichment, and that judgment be entered in Plaintiff's favor on all claims;

B.     Plaintiff be awarded all monetary remedies to which it is entitled under federal law and Texas state law, including all profits realized by Defendant, and all damages sustained by Plaintiff;

C.     Plaintiff be awarded punitive damages against Defendant in light of the willful, wanton, egregious, and malicious nature of Defendant's wrongful acts as complained of herein, which were carried out in reckless disregard for Plaintiff's trademark rights;

D.     Defendant be ordered to account to and pay Plaintiff for any and all profits derived by Defendant by virtue of Defendant's acts complained of herein;

E.     The amount of damages be trebled and that the amount of profits be increased as many times as the Court deems appropriate in light of Defendant's willful and wanton acts, pursuant to 15 U.S.C. § 1117;

F.     Plaintiff be granted permanent injunctive relief enjoining Defendant and its respective officers, agents, servants, employees and those persons in active concert or participation with them from further acts of trademark infringement, false designation of origin, unfair competition, and unjust enrichment, including an injunction enjoining them from continuing use of Defendant's Flash Garage Door Repair name and Plaintiff's logo described above, or any use of the name Flash in connection with garage door installation and repair services, or any other name confusingly similar thereto, and that they be ordered to:

      **1.**      Refrain from using Plaintiff's Flash Garage Door Service trademark and logo, or any other confusingly similar variations thereof, whether as a trademark, service mark, trade name, business name, corporate name, fictitious name, domain name, product name, web page title, social media handle, storefront name, title tag, meta tag, advertising keyword, description, or in any manner whatsoever in connection with the production, sale, offering for sale, distribution, advertising, publicizing, or identifying any goods, services or businesses;

      **2.**      Take all steps to remove and withdraw any and all printed or electronic materials, advertisements, website displays, and any all other items bearing Defendant's above-described Flash Garage Door Repair name and Plaintiff's logo, or Plaintiff's Flash Garage Door Service trademark and logo, or any other confusingly similar variations of same, including, without limitation, on all internet websites, social media posts/pages and printed media;

      **3.**      Take all steps to remove and withdraw Defendant's profile on MapQuest, and any other such platforms;

      **4.**      Contact its agents, partners, or any other applicable third party to request that they comply with the injunctive relief requested herein; and

      **5.**      Take all steps necessary to transfer any confusingly similar domain names and social media handles to Plaintiff.

    **G.**    Defendant be ordered to deliver and destroy all products and materials bearing its Flash Garage Door Repair name and Plaintiff's logo as described above or any mark confusingly similar to Plaintiff's Flash Garage Door Service trademark and logo, and all plates, molds, matrices and other means of making same, pursuant to 15 U.S.C. § 1118 and applicable law;

    **H.**    Defendant be ordered to file with this Court and serve on Plaintiff within thirty (30) days after the service of the Court's injunction, a report, in writing, under oath, setting forth in detail

the manner and form in which Defendant has complied with the injunction pursuant to 15 U.S.C. § 1116;

      **I.**      Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendant's wrongful acts complained of herein;

      **J.**      Plaintiff be granted its reasonable attorneys' fees;

      **K.**      Plaintiff be awarded its costs; and,

      **L.**      Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 12, 2026      By: /s/ *C. Dale Quisenberry*
      C. Dale Quisenberry
      Texas State Bar No. 24005040
      dale@quisenberrylaw.com
      QUISENBERRY LAW PLLC
      13910 Champion Forest Drive, Suite 203
      Houston, Texas 77069
      Telephone: (832) 680-5000
      Facsimile: (832) 680-5555

      ATTORNEYS FOR PLAINTIFF